DENIZ BOLBOL
JOSEPH P. CUVIELLO
P.O. Box 2834
Redwood City, CA 94064
Telephone: (650) 654-9955
Fax: (773) 897-2804
Deniz_b@yahoo.com
pcuvie@gmail.com

Plaintiffs In Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RENO DIVISION

| | |
|---|---|
| JOSEPH P. CUVIELLO AND DENIZ BOLBOL, individually,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, *ex rel.*, BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION *ex rel.*, UNIVERSITY OF NEVADA, RENO ("UNR"): UNIVERSITY OF NEVADA, RENO POLICE OFFICER JON MARTINEZ, LAWLOR EVENTS CENTER HEAD OF SECURITY MIKE MCCLEARLY and DOES 1-10, in their individual and official capacities, Jointly and Severally,<br><br>Defendants. | Case No.: 3:12-cv-00529-LRH-(VPC)<br><br>**PLAINTIFFS DENIZ BOLBOL'S AND JOSEPH CUVIELLO'S JOINT OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION

On February 6, 2013 Defendant State of Nevada, ex rel Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Reno (hereinafter "University"), filed a motion to dismiss Plaintiffs Deniz Bolbol's and Josephs Cuviello's first Amended Complaint. Docket No. 15. Plaintiffs jointly present their opposition to Defendant's motion.

## II. FACTS

On October 1, 2011 Ringling Bros. Circus was performing at the Lawlor Events Center located at the University of Nevada, Reno. Plaintiffs Joseph Cuviello and Deniz Bolbol travelled to the University of Nevada, Reno to videotape Ringling Bros. Circus' treatment of animals. While Plaintiffs were standing near the corner of East 15th Street and West Stadium Way videotaping the animals they were told by University of Nevada, Reno police officer Jon Martinez and Lawlor Events Center Head of Security Mike McClearly that they would be arrested if they did not stop videotaping the animals from this location. Under the threat of arrest and with no other location from which to adequately videotape the Circus' treatment of animals Plaintiffs vacated the property and filed this lawsuit on October 1, 2012 alleging a violation of their First Amendment Rights. Plaintiffs named as defendants University of Nevada police officer Martinez, University of Nevada Police Department, Lawlor Events Center, Lawlor Events Center Head of Security Mike McClearly and Does 1-10.

On January 9, 2013 the Board of Regents of the Nevada System of Higher Education (NSHE) filed a motion to dismiss complaining that Plaintiffs did not properly name the Defendants pursuant to Nevada's Revised Statute NRS 41.031(1). Docket No. 9. In response, on January 24, 2013, Plaintiffs filed a First Amended Complaint (FAC) naming Defendants as required by NRS 41.031(1). Docket No. 11.

On February 6, 2013 the University filed a second motion to dismiss based on Eleventh Amendment immunity.

### III. POINTS AND AUTHORITIES

Plaintiffs agree with Defendant that: (1) Eleventh Amendment immunity is generally available to the University;[1] and (2) a state agency is not considered a person for 42 U.S.C. § 1983 purposes.[2] However, the State of Nevada, by statute, has waived its Eleventh Amendment immunity and consented to have its liability determined in accordance with the same rules as are applied to civil actions against natural persons and corporations so long as the civil claims are in conformance with NRS 41.031(1): "The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations…" Defendant University of Nevada also acknowledged this waiver in its first motion to dismiss, wherein it asked the Court to dismiss Plaintiffs' Complaint based solely on the fact that Plaintiffs did not properly name and serve the Defendants under NRS 41.031(1). Docket No. 9, p. 3:11-19.

Based on the University's first motion to dismiss Plaintiffs amended their complaint and named the Defendants according to the requirements of NRS 41.031(1). Defendant University implicitly acknowledges Plaintiffs are in conformance with the statute as they do not contend otherwise in their present motion.

If Defendant University believed that they were entitled to rely on Eleventh Amendment immunity despite Plaintiffs conformance with NRS 41.031(1) then Plaintiffs contend that Defendant's first motion to dismiss, relying on NRS 41.031(1), was a violation of Federal Rule of Civil Procedure (FRCivP) 11(b)(1), which states that a party may not present a written motion to the court "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly

---

[1] See Krainski v. State of Nevada, 616 F.3d 963 (2010); "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." Id. at 967.

[2] See Will v. Michigan Department of State Police, 491 U.S. 58 (1989); "a State is not a person within the meaning of § 1983." Id. at 64.

increase the cost of litigation."[3] If Defendant believed they were entitled to immunity despite Plaintiffs conformance with NRS 41.031(1) Defendant's first motion to dismiss served no legitimate purpose other than to harass Plaintiffs, cause unnecessary delay and to needlessly increase Plaintiffs' costs of service. A party who violates FRCivP 11(b)(1) may be sanctioned by the court, which, on its own, may order a party to show cause why their conduct has not violated Rule 11(b). See FRCivP 11(c)(3).

### IV. CONCLUSION

For the foregoing reasons Plaintiffs' FAC should not be dismissed.

Dated: February 20, 2013

By: _____
DENIZ BOLBOL
In Pro Se

By: _____
JOSEPH P. CUVIELLO
In Pro Se

---

[3] "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 558 (2007) (citations omitted).

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My mailing address is 2912 Diamond Street, #365, San Francisco, CA 94131. On February 20, 2013, I served the following document(s) by the method(s) indicated below:

**PLAINTIFFS DENIZ BOLBOL'S AND JOSEPH CUVIELLO'S JOINT OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
Case No. 3:12-CV-00529-LRH-(VPC)

☒ by placing on this date a true copy of the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid to the address(es) set forth below, in a collection box regularly maintained by the United States Postal Service.

Gary A Cardinal
Assistant General Counsel
University of Nevada, Reno
1664 North Virginia Street/MS 550
Reno, Nevada 89557-0550
*Attorney for Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 20, 2013 at San Mateo, California.

_____
Mark Ennis

1