UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOBOL,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendants. | Case No. 3:12-cv-00529-MMD-VPC<br><br>ORDER<br><br>(First Motion to Dismiss – dkt. no. 9;<br>Motion to Dismiss – dkt. no. 15;<br>Motion to Dismiss – dkt. no. 29;<br>Motion to Extend Time for Service – dkt. no. 33;<br>Motion to Dismiss – dkt. no. 42;<br>Motion to Dismiss – dkt. no. 48) |

**I.   SUMMARY**

Before the Court are Defendants State of Nevada, ex rel Board of Regents of Nevada System of Higher Education on behalf of the University of Nevada, Reno (hereinafter the "University"), Jon Martinez and Mike McCleary's[1] (the "Individual Defendants") motions to dismiss. (Dkt. nos. 9, 15, 29, 42, 48.) Also before the Court is Plaintiffs Joseph Cuviello and Deniz Bobol's Motion to Extend Time for Service. (Dkt. no. 33.)

For the reasons set forth below, Defendants' Motion to Dismiss (dkt. no. 15) is granted and all remaining motions to dismiss are denied. Plaintiffs' Motion to Extend Time for Service (dkt no. 33) is denied as moot.

---

[1] The Complaint and First Amended Complaint incorrectly identify Defendant McCleary's last name as "McClearly." (See dkt. no. 42 at 1.)

## II. BACKGROUND

Plaintiffs Cuviello and Bolbol are members of Humanity Through Education, a group "dedicated to the humane treatment of animals and educating the public about the abuse and mistreatment of animals in circuses." On October 1, 2011, Plaintiffs traveled to the Lawlor Events Center ("Lawlor") at University of Nevada, Reno ("UNR") to videotape the animals used by the Ringling Bros. Barnum & Bailey Circus. Plaintiffs stood on campus near Lawlor and videotaped elephants that were located behind a chain-link fence.

Plaintiffs allege that Defendant McCleary is the head of security for Lawlor. Defendant McCleary allegedly told Plaintiffs that they can't film and had to leave. Plaintiffs assert that Defendant Martinez, alleged to be a UNR police officer and the senior officer on duty that day, told them they were on Lawlor property and that they could be removed. Plaintiffs further allege that Defendants McCleary and Martinez threatened to arrest them for trespass.

Plaintiffs bring an action under 42 U.S.C. §§ 1983 and 1985 against Defendants for violating their First Amendment and Fourteenth Amendment rights. They seek declaratory and injunctive relief: (1) "declaring that the present policy of prohibiting citizens from exercising free speech rights on Lawlor Events Center" is unconstitutional; (2) prohibiting such restriction in the future; and (3) requiring Defendants to "undertake training and other prophylactic measures" to ensure the alleged conduct does not happen again. They also seek monetary damages against all Defendants.

Plaintiffs filed the Complaint on October 1, 2012. (Dkt. no. 4.) Defendants filed their first motion to dismiss on January 9, 2013. (Dkt. no. 9.) Instead of filing an opposition, Plaintiff amended the Complaint to cure the deficiencies raised in Defendants' motion. The Amended Complaint was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B) on January 24, 2013. (Dkt. no. 11.) The University then moved for dismissal on the grounds that they are not a "person" under § 1983 and are immune from suit. (*See* dkt. no. 15.)

On February 12, 2013, the Individual Defendants moved for dismissal on grounds of insufficient service. (*See* dkt. no. 29.) On February 27, 2013, Plaintiffs moved to extend time for service. (Dkt. no. 33.) Plaintiffs submitted proof of service as to Martinez on May 22, 2013 (dkt. no. 41), and Martinez moved to dismiss for insufficient service eight (8) days later (dkt. no. 42). McCleary separately moved to dismiss for insufficient service on July 11, 2013 (dkt. no. 48), and Plaintiffs submitted proof of service as to McCleary seven (7) days later (dkt. no. 50).

### III. THE UNIVERSITY

Pursuant to Rule 12(b)(6), the University moves for dismissal of the § 1983 and § 1985 claims brought against them on grounds that they are not subject to suit under those statutes. (Dkt. no. 15.)

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district

court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). However, *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, No. 10-16845, 2013 WL 4793184, at *3 (9th Cir. Sept. 10, 2013).

**B.   Analysis**

42 U.S.C. § 1983 establishes a cause of action against every "person" who, under the color of law, deprives another of their constitutional rights. The institutions that comprise the university system in Nevada are collectively known as the Nevada System of Higher Education ("NSHE").  Nev. Rev. Stat. § 396.020. The University argues that the NSHE and UNR are state entities, and that states and state entities are not "persons" for the purposes of a § 1983 claim. (*See* dkt. no. 15 at 4.) The University further argues that they are immune from suit under the Eleventh Amendment. (*Id.* at 5.) Plaintiffs argue that the State of Nevada has waived its immunity. (Dkt. no. 31 at 2.)

///

The Supreme Court held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). In the Ninth Circuit, a state university is generally considered an "arm of the state" entitled to Eleventh Amendment immunity. *See, e.g., Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (citing *Armstrong v. Meyers*, 964 F.2d 948, 949–50 (9th Cir.1992)). This Court has specifically held that the university system in Nevada is an "arm of the state" within the meaning of the Eleventh Amendment. *Johnson v. University of Nevada*, 596 F. Supp. 175 (D. Nev. 1984). The University is therefore not a "person" as that term is used in § 1983.

The University is also immune from suit under the Eleventh Amendment. Absent waiver by the state, a state and its agencies are protected from suit for all types of relief. *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999)). Even actions for injunctive relief are barred against a state or its agencies. *See General Motors Corp. v. California State Bd. of Equalization*, 815 F.2d 1305, 1309 (9th Cir. 1987) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Nevada has not waived its Eleventh Amendment immunity. *See* Nev. Rev. Stat. § 41.031(3).

For the reasons stated above, Plaintiffs' claims cannot be maintained against the University and are dismissed.[2]

### IV.  THE INDIVIDUAL DEFENDANTS

Defendants have filed several motions requesting dismissal, pursuant to Rule 12(b)(5), for insufficient service on the Individual Defendants. In their first motion to

---

[2]Plaintiffs may be attempting to assert a claim that their constitutional rights were infringed by a policy of UNR pursuant to the theory of liability in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). Indeed, Plaintiffs identify a "policy of prohibiting citizens from exercising free speech rights on the Lawlor Events Center property" in the Amended Complaint. (Dkt. no. 11 at 13.) However, the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities. *Will*, 491 U.S. at 70–71.

5

dismiss, Defendants argued that service on McCleary was improper. (Dkt. no. 9.) After Plaintiffs filed the Amended Complaint, the Individual Defendants filed motions jointly (dkt. no. 29), and separately (dkt. nos. 42, 48) arguing insufficient service.

### A.   Legal Standard

Fed. R. Civ. P. 4(m) sets a 120-day time period for service after the complaint is filed. However, it requires the court to grant an extension of time when a plaintiff shows good cause for delay. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (*citing Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir.2003)). Even without a showing of good cause, a district court has broad discretion when determining whether to extend time for service of process. *U.S. v. 164 Watches, More or Less Bearing on Registered Trademark of Guess? Inc.*, 366 F.3d 767, 772 (9th Cir.2004) (citation omitted). A district court may even extend time for service retroactively after the 120-day service period has expired. *Id.* (*citing Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). A district court may consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *See Efaw*, 473 F.3d at 1041 (citation omitted). If a district court declines to extend the time for service of process, the court will typically dismiss the suit without prejudice. *164 Watches*, 366 F.3d at 772 (*citing Johnson v. Meltzer*, 134 F.3d 1393, 1396 (9th Cir. 1998)).

### B.   Analysis

Fed. R. Civ. P. 4(e)(2) requires service be made to the individual personally, left at the individual's dwelling with a resident, or left with an agent appointed by law to receive service on behalf of the individual. After the filing of the initial Complaint, Plaintiffs were required to file proof of service by January 29, 2013. (Dkt. no. 4.) Plaintiffs have filed proofs of service for the Individual Defendants. (*See* dkt. nos. 41, 50.) The proofs of service show that Martinez was served personally on July 9, 2013, and McCleary's wife received copies of the service papers at their residence on May 10, 2013. (*See id.*)

///

6

The Plaintiffs, who are proceeding *pro se*, submitted affidavits from their process server detailing attempts to serve the Individual Defendants within the initial 120-day time period. (*See* dkt. nos. 23, 24.) The process server contacted the Individual Defendants' employers at UNR and was not provided with information as to when the Individual Defendants would be available. (*See id.*) The process server left copies of the summons and Amended Complaint with Jodi Fraser, administrative assistant to the president of UNR. (*See id.*) On February 22, 2013, Plaintiffs mailed a notice of lawsuit and a request to waive summons to the Individual Defendants. (Dkt. no. 33-1.) The Individual Defendants did not respond to any of these attempts to contact them. Eventually, Plaintiffs found an online service that helped them track down the Individual Defendants' residential addresses and they were properly served. (*See* dkt. nos. 44. 51).

While the Court recognizes that Plaintiffs' failure to timely serve the Individual Defendants has caused some delay in the proceedings, there appears to be no prejudice to the Individual Defendants. Their employers at UNR were aware of the litigation and they were eventually served properly. Further, at this stage it would be a waste of judicial resources to dismiss the Amended Complaint and require Plaintiffs to file and provide service again. The Court finds that it is appropriate to retroactively extend the time for filing proof of service as to the Individual Defendants. Such proof has been filed with the Court and the Individual Defendants have been properly served.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is hereby ordered that Defendants' First Motion to Dismiss (dkt. no. 9) is denied as moot.

It is further ordered that Defendant State of Nevada, ex rel Board of Regents of Nevada System of Higher Education on behalf of the University of Nevada, Reno's

Motion to Dismiss (dkt. no. 15) is granted and all claims against it are dismissed with prejudice.

It is further ordered that Defendants Jon Martinez and Mike McCleary's Motion to Dismiss (dkt. no. 29) is denied as moot.

It is further ordered that Plaintiffs' Motion to Extend Time for Service (dkt. no. 33) is denied as moot.

It is further ordered that Defendant Mike McCleary's Motion to Dismiss (dkt. no. 42) is denied.

It is further ordered that Defendant Jon Martinez's Motion to Dismiss (dkt. no. 48) is denied.

ENTERED THIS 16th day of September 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE