GARY A. CARDINAL
Assistant General Counsel
Nevada Bar No. 76
University of Nevada, Reno
1664 North Virginia Street/MS 0550
Reno, Nevada  89557-0550
(775) 784-3495
(775) 327-2202--FAX
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

★ ★ ★ ★ ★

|  |  |
|---|---|
| JOSEPH P. CUVIELLO and DENIZ BOLBOL | Case No.: 3:12-cv-00529-MMD-VPC |
| Plaintiffs, | **JOINT CASE MANAGEMENT REPORT** |
| vs. |  |
| STATE OF NEVADA, ex rel BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION on behalf of the UNIVERSITY OF NEVADA, RENO, ("UNR"): on behalf of UNIVERSITY OF NEVADA, RENO POLICE OFFICER JON MARTINEZ, LAWLOR EVENTS CENTER HEAD OF SECURITY MIKE MCCLEARY and DOES 1-10, in their individual and official capacities, Jointly and Severally, |  |
| Defendants. |  |

        Plaintiffs and Defendants jointly submit this Joint Case Management Report in

response to Minute Order DKT 58:

        1.      <u>**Nature of the Case:**</u>

        The plaintiffs are alleging violation of their free speech rights as the result of

being prohibited from videotaping elephants from certain locations at the Ringling Bros.

and Barnum & Bailey Circus at Lawlor Events Center at the University of Nevada, Reno

on October 1, 2011.  The plaintiffs bring suit under 42 U.S.C. § 1983, 1985 and 1988

and base their suit on the First and Fourteenth Amendments to the United States Constitution.  There are no pendant state claims.

The plaintiffs are suing two individuals:  Mike McCleary, who was an employee of Lawlor Events Center, and Jonathan Martinez, who was an officer with the University's Police Services Department.  Claims against the University have been dismissed, as the University, a state institution, is immune from suit pursuant to the Eleventh Amendment to the United States Constitution.

Defendants dispute that there was any violation of Plaintiffs' constitutional rights. Defendants allege that no constitutional rights attached at the location where Plaintiffs were filming, that reasonable time, place and manner restrictions justified Defendants' conduct and that Defendants are entitled to qualified immunity.  Defendants also contend that their actions were reasonable and in good faith.

**2.  Principal Factual and Legal Disputes:**

The parties disagree on whether Plaintiffs had a constitutional right to film at the location from which they were asked to leave.  The parties disagree on the issue of reasonable time, place and manner restrictions.  The parties disagree on the qualified immunity defense.

**3.  Jurisdictional Basis and Statutes:**

Plaintiffs assert that jurisdiction is founded upon 28 U.S.C. § 1331, 1343(a)(3) and 1343(a)(4).

**4.  Unserved Parties:**

There are no unserved parties.  All parties have answered.

**5.  Additional Parties, Amendment of Pleadings:**

At this time, no additional parties are anticipated.  At this time, no amendments to the pleadings are anticipated.  The parties reserve the right to request any appropriate amendments that become necessary as investigation and discovery continue. The deadline for amendments was previously set as January 2, 2014 by Order dated October 30, 2013.  DKT 57.

6.  **Contemplated Motions:**

At this time, the parties anticipate filing dispositive motions on the issues of the existence of constitutional rights, whether there was a violation of any constitutional right and whether qualified immunity applies. The parties reserve the right to include any additional issues revealed as investigation and discovery continue.

7.  **No Pending Motions:**

There are no pending motions before the Court.

8.  **No Related Cases:**

There are no related cases pending before other Courts or Judges of this Court.

9.  **Subjects of Discovery:**

a.  The parties will conduct discovery on each and all elements of Plaintiffs' claims under 42 U.S.C. § 1983, § 1985 and § 1988.  The parties will conduct discovery on each and all affirmative defenses set forth in Defendants' Answer to Amended Complaint.  It is anticipated that discovery will take place in the venue where the case is filed, per the usual rules.  Depositions of non-parties who reside out of state may require out of state depositions.

b.  No revisions to the discovery limitations imposed by the Federal Rules of Civil Procedure and LR 26(1)(e) appear necessary at this time.

c.  The parties agree to the time limit of 1 day of 7 hours for each deposition, as required under FRCP 30(d)(1), but reserve the right to stipulate to additional time or request an order granting additional time, as may be required for a full and fair examination.

10.   **Discovery of Electronically Stored Information (ESI):**

The parties do not anticipate any issues regarding ESI at this time.

11.   **Privileged or Confidential Matters:**

Defendants reserve the right to seek a protective order regarding any discovery request that calls for the production of confidential or privileged materials.  Personnel files are confidential under either Nevada Administrative Code 284.718 or the Nevada

System of Higher Education Code §5.6.2, which has the force and effect of law. *State ex rel. Richardson v. Board of Regents,* 70 Nev. 144, 150, 261 P.2d 515, 518 (1953) and *Board of Regents v. Oakley,* 97 Nev. 605, 608, 637 P.2d 1199, 1202 (1981).

   **12.   Discovery Plan and Scheduling Order:**

   The Court previously approved a discovery plan and issued a scheduling order on October 30, 2013 as DKT 57. The Order contains the following deadlines:

   a.   **Discovery Cutoff – LR 26-1(e)(1):**  180 days from the date of Defendants' Answer sets the discovery cutoff at Saturday, March 29, 2014.  Because this is a non-judicial day, the parties propose a deadline of ***Monday, March 31, 2014.***

   b.  **Deadline to Amend Pleadings – LR 26-1(e)(2)**:  90 days prior to the close of discovery sets the deadline to file amended pleadings at Wednesday, January 1, 2014.  Because this is a non-judicial day, the parties propose a deadline of ***Thursday, January 2, 2014.***

   c.  **Deadline to Disclose Expert Witnesses – LR 26-1(e)(3):**  60 days prior to the close of discovery sets the deadline to disclose expert witnesses at ***Thursday, January 30, 2014.***

   d.   **Deadline to Disclose Rebuttal Expert Witnesses – LR 26-1(e)(3):**  30 days after the disclosure of expert witnesses sets the deadline to disclose rebuttal experts at Saturday, March 1, 2014,  Because this is a non-judicial day, the parties propose a deadline of ***Monday, March 3, 2014.***

   e.   **Deadline to File Dispositive Motions – LR 26-1(e)(4):**  30 days after the discovery cutoff sets the deadline to file dispositive motions at ***Wednesday, April 30, 2014.***

   f.   **Deadline to File Joint Pretrial Order – LR 26-1(e)(5):**  30 days after the date set for filing dispositive motions sets the date for filing the Joint Pretrial Order at ***Friday, May 30, 2014 if no dispositive motions are filed.  Should dispositive motions be filed, the date for filing the Joint Pretrial Order***

***shall be suspended until 30 days after decision of the dispositive***

***motions.***

    **g.** <u>**Trial Date:**</u>  Both Plaintiffs and Defendants anticipate filing dispositive

motions in this case.  Therefore, no trial date is suggested.

**13.** <u>**Jury Trial:**</u>

Plaintiffs and Defendants request a jury trial.

**14.** <u>**Estimated Length of Trial:**</u>

It is estimated that the trial will require 3 to 5 days.

**15.** <u>**Prospects for Settlement:**</u>

    Because discovery is in the early stages, it is difficult to assess the prospects for

settlement.  The Defendants and Plaintiffs are open to settlement discussions, including

a Court assisted settlement conference.


DATED:  November 19, 2013.        /s/ Gary A. Caridnal_____
                                       GARY A. CARDINAL
                                       Attorney for Defendants

DATED:  November 19, 2013.        /s/ Deniz Bolbol_____
                                         DENIZ BOLBOL
                                       In Pro Se

DATED:  November 19, 2013.        /s/ Joseph P. Cuviello_____
                                         JOSEPH P. CUVIELLO
                                       In Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the University of Nevada, Reno, over the age of eighteen years, that I am not a party to the within action, and that on the 19th day of November, 2013, I electronically filed the foregoing **JOINT CASE MANAGEMENT REPORT**, with the Clerk of the Court by using the CM/ECF system and served the following parties by U.S. mail, postage prepaid, addressed to:

JOSEPH P. CUVIELLO
PO Box 2834
Redwood City, CA  94064

DENIZ BOLBOL
PO Box 2834
Redwood City, CA  94064

 /s/ Catherine Bandoni
Employee of the University of Nevada, Reno